IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BURTON J. WALTMAN** ) <br> Commander, JAG Corps, U.S. Navy (Ret.) ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **DONALD C. WINTER,** ) <br> Secretary of the Navy ) <br> ) <br> **Defendant.** ) <br> ) | Civil Action No. 06-00844 (ESH) |

**MOTION TO VOLUNTARILY REMAND TO AGENCY
AND MEMORANDUM IN SUPPORT THEREOF**

Plaintiff, Burton J. Waltman, a retired naval officer (pay grade O-5), brings suit under 5 U.S.C. § 701 et seq., the Administrative Procedure Act, and 10 U.S.C. § 628.  He challenges the Secretary of the Navy's deemed denial of his request for a Special Selection Board ("SSB") as arbitrary, capricious and contrary to law.  Plaintiff requests this Court to order the Secretary to convene a SSB to consider Commander Waltman for promotion to the next higher pay grade, O-6.  For the reasons set forth below, defendant requests that this case be voluntarily remanded to the agency for further administrative action. Plaintiff, through counsel, opposes this motion.

**FACTUAL BACKGROUND**

Plaintiff is a retired naval officer residing in Kiawah, South Carolina.  Compl. at ¶¶ 4, 6.  He served as a commissioned officer and attorney in the Judge Advocate General's Corps, ultimately achieving the rank of Commander (pay grade O-5).  Id. at ¶ 4.  Plaintiff voluntarily retired on November 1, 2004.  Id. at ¶ 13.

Plaintiff was considered for promotion to the rank of Captain (pay grade O-6) by the Fiscal Year ("FY") 2001 Active Duty Captain (Judge Advocate General's Corps) Selection Board, but was not selected for promotion. Id. at ¶¶ 6 and 34-35. He was subsequently considered for promotion by selection boards in FY 2002 and FY 2003. Neither board selected him for promotion. Id. at ¶ 7.

On December 9, 2002, Commander Waltman petitioned the Secretary of the Navy ("the Secretary") for a Special Selection Board ("SSB"). Id. at ¶ 8; see also Navy Exhibit ("Navy Exh.") 1. In his request, Plaintiff asserted – as he does to this Court – that his non-selection for promotion could only have been caused by "unknown members of [the promotion] board consider[ing] evidence from outside his official record." Compare Navy Exh. 1 at 1 with Compl. at ¶¶ 70-73 and 85-88. More specifically, Waltman argues that "senior members" of the Navy JAG Corps considered, to his detriment, his actions as a defense attorney in a high-profile case. Navy Exh. 1 at 1; see also Compl. at ¶¶ 73, 86. Only this, Waltman opines, could explain his failures of selection to captain. Navy Exh. 1 at 2; see also Compl. at ¶¶ 73, 88.

Due to a series of administrative errors, Waltman's request for a SSB remained in the offices of the Bureau of Naval Personnel and was not forwarded to the Secretary of the Navy ("the Secretary") for consideration for more than three years. See Navy Exhibit 2 at 1; see also Compl. ¶¶ 9-12, 14-15, 52-55, 57-59. But on June 30, 2006, when the Secretary finally received Plaintiff's request, he released the members, the recorder, and the assistant recorders from the FY 2001 selection board that did not select Waltman for promotion from their statutory oaths of confidentiality. Navy Exh. 2 at 1 and 3-12; see 10 U.S.C. 618(f) (prohibiting disclosure of selection board proceedings to any person not a member of the board). Thus, these releases "will

enable the Bureau of Naval Personnel Inspector General to investigate CDR Waltman's allegations that one or more members provided information to the board in contravention of the precept" to facilitate "an informed decision whether to grant or deny" Waltman's request for a SSB. Navy Exh. 2 at 1.

The Bureau of Naval Personnel Inspector General estimates that its investigation will be completed in September. See Declaration of Ms. Sandy Taylor, Navy Exh. 3. Once the investigation is complete it will go to the Secretary, through the Chief of Naval Personnel, for decision.

## ARGUMENT

Although the Secretary has not yet rendered a final decision as to Waltman's request for a SSB, the Secretary has released the members of Waltman's FY 2001 promotion board from their oaths of confidentiality to facilitate an Inspector General investigation into Waltman's allegations. Upon completion of that investigation and receipt of its results, the Secretary will be able to render an informed decision regarding the merits of Waltman's allegations, and therefore, adequately consider his request for a SSB. Accordingly, the Secretary that the Court remand the case to the agency for further action.

The consideration of a deficiency in an administrative record discovered during federal court proceedings is not an issue of first impression. Courts routinely grant motions for voluntary remand in record review cases where the agency recognizes that consideration of additional issues is warranted. See, e.g., Bublitz v. Brownlee, 309 F. Supp. 2d 1, 4 (D.D.C.); see also Southern California Edison Corp. v. FERC, 415 F.3d 17, 21 (D.C. Cir. 2005); Oz Technology Inc. v. EPA, 129 F.3d 631, 634 (D.C. Cir. 1997).

This Court was recently presented with a similar situation in which the Navy recognized that a decision of its Board for Correction of Naval Records needed to be set aside. See Motion for Voluntary Remand, Pettiford v. Sec'y of Navy, Civ. A. No. 05-2082 (ESH), USDC Dkt. No. 13. Although the Navy's motion in that case was opposed by the plaintiff, this Court remanded the matter to the agency with instructions. See Order of April 19, 2006 in Civ. A. No. 05-2082.

In the instant matter, despite the passage of more than three years since Plaintiff's initial request, the Secretary has acknowledged that an Inspector General investigation into the conduct of the FY 2001 Judge Advocate General's Corps Captain promotion board will illuminate and inform his decision on Commander Waltman's request. See Navy Exh. 2 at 1. Indeed, within days of being advised of Plaintiff's request, the Secretary empowered the Inspector General by waiving the confidentiality provisions of 10 U.S.C. § 618(f). The notion that judicial review by this Court should proceed despite these recent developments is counterintuitive and contrary to well-settled propositions of administrative law. Indeed, one of the purposes underpinning the APA's finality requirement is to conserve judicial resources by allowing the agency to correct any error there may be in its action. See Reliable Automatic Sprinkler Company v. Consumer Product Safety Commission, 324 F.3d 726, 732 (D.C. Cir. 2003) (quoting Ciba-Geigy Corp. v. EPA, 801 F.2d 430, 436 (D.C. Cir. 1986)). Furthermore, the provision under which Plaintiff asks this Court to undertake review of the Secretary's actions – 10 U.S.C. § 628(g) – "echoes" the APA's standard of review. See Miller v. Dep't of Navy, 383 F. Supp. 2d 5, 11 (D.D.C. 2005) (legitimacy of the Secretary's decision to deny a SSB evaluated in light of a completed Inspector General investigation) (citing Homer v. Roche, 226 F. Supp. 2d 222 (D.D.C. 2002)). Thus, it is wholly appropriate under these circumstances to remand Waltman's case to the agency to

compile an administrative record.

Finally, in anticipation of plaintiff's assertion that a remand will unduly delay these proceedings, and in order to assure Waltman and this Court that the agency continues to proceed expeditiously in this matter, the Navy would have no objection to the inclusion of a requirement in a remand order that, within 60 days of the order, the Department of the Navy shall submit a status report on the progress of the Inspector General proceedings and, if applicable, the Secretary's determination regarding Plaintiff's request.  See Pettiford, Order of April 19, 2006; cf. Mashpee Wampanog Tribal Council v. Norton, 336 F.3d 1094, 1102 (D.C. Cir. 2003) (retaining jurisdiction to monitor the agency's assurances that it was proceeding as diligently as possible with the resources available to it).  Finally, if the agency unreasonably delays, Plaintiff may, of course, petition for a writ of mandamus, pursuant to Telecommunications Research & Action Center v. FCC, 750 F.2d 70 (D.C. Cir. 1984).  See Boston Edison Co. v. FERC, 1999 WL 325446 (D.C. Cir., April 16, 1999); Inmate Calling Services Providers Coalition v. FCC, 1998 WL 65655 (D.C. Cir., Jan. 30, 1998).  Ultimately, however, the most expeditious and just resolution of this matter will come from allowing the Secretary to first consider the merits of Commander Waltman's petition and render an informed decision whether to grant or deny his request based on a completed Inspector General's investigation.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

                _____
RUDOLPH CONTRERAS D.C. Bar No.  434122
Assistant United States Attorney


_____
KEVIN K. ROBITAILLE
Special Assistant U.S.  Attorney
555 Fourth Street, N.W.,
Washington, D.C.  20530
(202) 353-9895